UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| AMCM, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:08CV 142 LMB |
| ) | |
| PHILADELPHIA INDEMNITY ) | |
| INS. CO., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This action was originally filed in the Circuit Court of Wayne County, Missouri. On September 5, 2008, Defendant Philadelphia Indemnity Insurance Company, Inc. ("Philadelphia") removed the case to this court on the grounds that the other defendant, The Charles Crane Agency Company ("Crane"), was fraudulently joined to prevent removal under 28 U.S.C. § 1441(b). This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties. See 28 U.S.C. § 636(c).

Several motions are currently pending before the court. On September 15, 2008, plaintiff filed a Motion to Remand Case to State Court. (Document Number 14). On September 25, 2008, Defendant Philadelphia filed a Motion to Dismiss Counts III and IV. (Doc. No. 19). On the same date, Defendant Crane filed a Motion to Dismiss. (Doc. No. 23).

**Background**

In Count I of its Petition, plaintiff, a Missouri corporation, asserts a breach of contract claim against Defendant Philadelphia, a Pennsylvania corporation, for Philadelphia's alleged refusal to pay an insurance claim related to a fire that occurred on February 1, 2008. In Count II of its Petition, plaintiff alleges a vexatious refusal to pay claim against Philadelphia. In Count III, plaintiff alleges a negligent misrepresentation claim against Philadelphia and Crane, a Missouri corporation. In Count IV of its Petition, plaintiff asserts a fraudulent misrepresentation claim against defendants Philadelphia and Crane.

Defendant Philadelphia removed this action to federal court on the basis of federal diversity jurisdiction. Philadelphia contends that Crane was fraudulently joined in this action to defeat diversity of citizenship and prevent removal of this action to federal court.

**Discussion**

**I.     Plaintiff's Motion to Remand**

Plaintiff has filed a Motion to Remand Case to State Court, arguing that it has adequately stated a cause of action against Defendant Crane and that Defendant Crane was not fraudulently joined to defeat federal jurisdiction. Plaintiff thus requests that the court remand this action to the Circuit Court of Wayne County, Missouri.

In order for a Federal Court to properly have diversity jurisdiction, the amount in controversy in the lawsuit must exceed the sum or value of $75,000.00, and the parties must be citizens of different states. See 28 U.S.C. § 1332 (a). Any civil action brought in state court in which the federal court has original jurisdiction "may be removed by the defendant to the district court for the district and division embracing the place where [the] action is pending." 28 U.S.C. §

1441(a). Actions removed on the basis of diversity jurisdiction may only be removed if none of the parties in interest who is properly joined and served as a defendant is a citizen of the state where the action is brought. 28 U.S.C. § 1446(b).

"Joinder designed solely to deprive federal courts of jurisdiction is fraudulent and will not prevent removal." Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983). When a party seeking removal alleges fraudulent joinder, the removing party bears the burden of proving the alleged fraud. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921). "Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent." Filla v. Norfolk S. Ry., 336 F.3d 806, 810 (8th Cir. 2003). Thus, "[j]oinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 871 (8th Cir. 2002). "However, if there is a 'colorable' cause of action-- that is, if the state law *might* impose liability on the resident defendant under the facts alleged-- then there is no fraudulent joinder." Filla, 336 F.3d at 810. "[T]he district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." Id. at 811. "In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." Id.

Plaintiff asserts two arguments to support its motion for remand. Plaintiff first alleges that defendant's removal notice was procedurally defective because it did not "invoke" 28 U.S.C. 1441 and failed to adequately plead Crane was fraudulently joined. Plaintiff next argues that Crane was not fraudulently or pretensively joined as a defendant.

The court finds that plaintiff's first argument lacks merit. Defendant specifically cited the relevant statute, 28 U.S.C. § 1441, in its Notice of Removal. Defendant also adequately pled that Crane was fraudulently joined. As such, defendant's Notice of Removal was not procedurally defective.

As previously noted, plaintiff has asserted two claims against Crane. In Count III of its Petition, plaintiff alleges a negligent misrepresentation claim against Crane and Philadelphia. In Count IV of its Petition, plaintiff asserts a fraudulent misrepresentation claim against Crane and Philadelphia.

To maintain a cause of action for negligent misrepresentation, one must show: (1) the speaker supplied information in the course of his or her business or because of some other pecuniary interest; (2) due to the speaker's failure to exercise reasonable care or competence in obtaining or communicating this information, the information was false; (3) the speaker intentionally provided the information for the guidance of a limited group of persons in a particular business transaction; (4) the listener justifiably relied on the information; and (5) as a result of the listener's reliance on the statement, the listener suffered a pecuniary loss. See Clearly Canadian Beverage Corp. v. American Winery, Inc., 257 F.3d 880, 893 (8th Cir. 2001); Reeves v. Keesler, 921 S.W.2d 16, 20 n. 1 (Mo. App. 1996).

Plaintiff alleges that Crane, acting within the scope of its agency with Philadelphia and on behalf of Philadelphia's interest, supplied plaintiff with information and made the express representation to plaintiff that if plaintiff would purchase premises casualty insurance from Philadelphia that Philadelphia would issue an insurance policy and would timely pay plaintiffs all sums due under the terms of such insurance policy within a reasonable time after a covered loss event as contracted and as provided under Missouri law. Plaintiff contends that, because of the

failure of Crane to exercise reasonable care and reasonable competence to discover Philadelphia had no intention based upon Philadelphia's policy and policy objectives to pay insurance claims as contracted under insurance policies issued by Philadelphia, this representation was false. Plaintiff alleges that Crane intentionally made this representation to plaintiff for plaintiff's guidance when determining whether to purchase a Philadelphia casualty insurance policy. Plaintiff contends that, as a result of this negligent misrepresentation, plaintiff suffered actual damages in excess of $250,000.00, including indemnification benefits payable under the policy, prejudgment interest, and other economic and non-economic losses.

The elements of a fraudulent misrepresentation claim are: (1) a false, material misrepresentation; (2) the speaker's knowledge of its falsity or ignorance of its truth; (3) the speaker's intent that it be acted on by the hearer and in the manner reasonably contemplated; (4) the hearer's ignorance of its falsity; (5) the hearer's reliance on its truth; (6) the hearer's right to rely thereon; and (7) the hearer's consequent and proximate injury. See Joel Bianco Kawasaki Plus v. Meramec Valley Valley Bank, 81 S.W.3d 528, 536 (Mo. 2002); Clearly Canadian Beverage Corp., 257 F.3d at 891; State ex rel PaineWebber, Inc. v. Voorhees, 891 S.W.2d 126, 128 (Mo. 1995).

Plaintiff alleges that Crane represented to plaintiff that Philadelphia would timely pay plaintiff pursuant to the terms of the policy with the present state of mind that the statements were false or Crane recklessly made the statements not knowing whether they were true or false, that plaintiff reasonably relied on the statements, and that plaintiff suffered damages.

Plaintiff sets forth sufficient facts on the face of its Petition to establish the basic elements of a negligent misrepresentation and fraudulent misrepresentation claim. Under Missouri law, however, neither fraudulent misrepresentation claims nor negligent misrepresentation claims are

actionable against one making a representation regarding future actions of an independent third party. Ryann Spencer Group, Inc. v. Assurance Co. of America, et al., 275 S.W.3d 284, 291 (Mo. Ct. App. 2008). See also Wellcraft Marine v. Lyell, 960 S.W.2d 542, 547 (Mo. Ct. App. 1998); Eureka Pipe, Inc. v. Cretcher-Lynch & Co., 754 S.W.2d 897, 898-99 (Mo. Ct. App. 1988).

As Philadelphia points out, in Ryann Spencer, plaintiff's attorney in this matter represented a sister company of AMCM and brought a similar suit naming both the insurance carrier and Crane as defendants. In that case, plaintiff brought a fifth count against Crane alleging negligence in the procurement of the insurance policy. After removal, the federal district court[1] held that, because plaintiff alleged a colorable cause of action in Count V, Crane was not pretensively joined and remanded the case to state court. After the case was remanded, the Circuit Court of the City of St. Louis dismissed plaintiff's fraudulent misrepresentation and negligent misrepresentation claims.

The Missouri Court of Appeals, Eastern District, affirmed the decision of the trial court in Ryann Spencer Group, Inc. v. Assurance Company of America, et al., 275 S.W.3d 284, 291 (Mo. Ct. App. 2008). The Court stated that the alleged fraudulent representations of Crane specifically involve the future actions of Assurance, an independent third party. Id. at 290. The Court held that the plaintiff was not justified in relying on such representations as a matter of law. Id. The Court found that the same reasoning applied to preclude plaintiff's negligent misrepresentation claim. See id. at 291. As noted by the Court, the plaintiff "had no right to rely on Crane's representation of what Assurance would or would not do." Id.

---

[1] The Honorable Jean C. Hamilton, United States District Court, Eastern District of Missouri, 4:06CV01439JCH.

The undersigned finds that the applicable state precedent precludes the existence of a cause of action against Crane. Although plaintiff attempts to avoid the relevant law by arguing that Crane was not independent from Philadelphia, this argument lacks merit. In Ryann Spencer, a case with similar facts and some of the same parties, the Missouri Court of Appeals held that an insured is not justified in relying upon alleged fraudulent or negligent misrepresentations by an insurance broker as to future actions of the insurer. 275 S.W.3d at 290-91.

Plaintiff fails to state a colorable claim against Defendant Crane. As such, Defendant Crane's citizenship may be disregarded in determining whether diversity jurisdiction exists. Without this defendant, complete diversity exists. Thus, plaintiff's claims against Defendant Crane will be dismissed, and plaintiff's motion to remand will be denied.

**II.     Defendant Philadelphia's Motion to Dismiss Counts III and IV**

As previously stated, Defendant Philadelphia has filed a Motion to Dismiss Counts III and IV of plaintiff's Petition. (Doc. No. 19). Plaintiff has not filed a Response to defendant's motion.

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. at 555, 127 S.Ct. 1964 (quoting Fed. R. Civ. P. 8(a)(2) and Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. Id. The complaint must set forth "enough facts to state a claim

to relief that is plausible on its face." Id. at 570, 127 S.Ct. 1974. If the claims are only conceivable, not plausible, the complaint must be dismissed. Id.

Defendant argues that, under Missouri law, plaintiff is limited to pursuing a breach of contract claim and, where appropriate, a claim for vexatious refusal to pay. Defendant contends that plaintiff's negligent misrepresentation and fraudulent misrepresentation claims should, therefore, be dismissed.

Missouri law is clear that "an insurance company's denial of coverage itself is actionable only as a breach of contract and, where appropriate, a claim for vexatious refusal to pay." Overcast v. Billings Mutual Ins. Co., 11 S.W.3d 62, 69 (Mo. 2000). "An insured cannot recast a contract claim as a . . . tort under Missouri law." Wiles v. Capitol Indemnity Corp., 280 F.3d 868, 870 (8th Cir. 2002). See Zumwalt v. Utilities Ins. Co., 228 S.W.2d 750, 756 (Mo. 1950) (refusal to pay under the policy terms is contractual). Attaching additional tort liability to a breach of contract claim is only allowed when an independent tort has been committed against the plaintiff. See Overcast, 11 S.W.3d at 68. The independent tort alleged cannot be "dependent on the elements of the contract claim." Id.

In the instant case, the alleged independent torts, negligent misrepresentation and fraudulent misrepresentation, are dependent on the elements of the breach of contract and vexatious refusal to pay causes of action. Plaintiff has not alleged claims independent of the breach of contract. See Billings, 11 S.W.3d at 68 (defendant insurer could have defamed plaintiff even if it ultimately paid the claim; therefore, defamation was a distinct tort independent of the breach of contract claim). Thus, the court will grant defendant's motion to dismiss Counts III and IV for failure to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand Case to State Court (Doc. No. 14) be and it is **denied**.

**IT IS FURTHER ORDERED** that Defendant Philadelphia Indemnity Insurance Company's Motion to Dismiss Counts III and IV (Doc. No. 19) be and it is **granted**.

**IT IS FURTHER ORDERED** that Defendant The Charles L. Crane Agency Company's Motion to Dismiss (Doc. No. 23) be and it is **granted**.

Dated this __2nd__ day of June, 2009.

*Lewis M. Blanton*
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE